UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GORDON GRAVELLE O/A COBRA INDUSTRIES, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 23-11708-ADB |
| HUDSON LOCK LLC, et al., | * * * | |
| Defendants. | * * * | |

MEMORANDUM & ORDER

BURROUGHS, D.J.

This the third case pro se plaintiff Gordon Gravelle has filed in this Court against Hudson Lock LLC ("Hudson") and its managers (Robert Sylvia and Marty Jalove) concerning an April 2016 settlement and release agreement between Hudson and Gravelle to resolve disputes arising from the parties' joint venture aimed at the development of an electronic key cutting machine ("Release"). See Gravelle v. Hudson Lock LLC, C.A. No. 16-12548-LTS ("Gravelle I"); Gravelle v. Hudson Lock, LLC, C.A. No. 21-10292-WGY ("Gravelle II"). In addition, in Gravelle II and this action, Gravelle alleges that the defendants made certain false representations to induce him to agree to the Release ("Pre-Release Representations").

For the reasons set forth below, the Court GRANTS the defendants' motion to dismiss based on res judicata, DENIES Gravelle's motion to amend, and GRANTS the defendants' motion for sanctions.

I. **Motion to Dismiss**

The term res judicata "now comprises two distinct doctrines regarding the preclusive

effect of prior litigation." <u>Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.</u>, 590 U.S. 405, 411 (2020).  Issue preclusion "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment." <u>Id.</u>  "[C]laim preclusion "(sometimes itself called res judicata). . . . prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." <u>Id.</u> at 412.  When adjudicating a motion to dismiss based on <u>res judicata</u>, the Court may consider the record in the earlier actions.  <u>See</u> <u>Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.</u>, 547 F.3d 48, 51 (1st Cir. 2008).

The Court writes for the parties and assumes the reader's familiarity with <u>Gravelle I</u>, <u>Gravelle II</u>, and this proceeding.

This action is barred by <u>res judicata</u>, whether it be for claim preclusion or issue preclusion. The parties to this action were parties in the two previous actions and all three actions concern the parties' obligations under the Release.  There was a final judgment on the merits against Gravelle in the two earlier actions.  In <u>Gravelle I</u>, Judge Sorokin issued a final judgment on the merits in favor of Hudson, specifically with regard to Gravelle's claim that Hudson had breached the Release by failing to advise customers about Gravelle operating a repair service in Canada for HPC products, and not allowing him to purchase parts directly from Hudson or to act as one of its distributors, and the First Circuit affirmed.  In dismissing <u>Gravelle II</u> on <u>res judicata</u> grounds, Judge Young rejected Gravelle's argument that the Release was still binding (and other arguments advanced by Gravelle) and entered judgment in favor of Hudson.  The First Circuit affirmed the dismissal of <u>Gravelle II</u> based on <u>res judicata</u> and also found that Gravelle failed to state a claim for fraud because he had not sufficiently pled that he relied on the allegedly false Pre-Release Representations to his detriment.

Viewed through the lens of claim prelusion alone, Gravelle is arguably correct that <u>res</u>

judicata does not, per se, prevent him from bringing an action based on the 2022 events. However, as a matter of issue preclusion, any claim based on an alleged breach of the Release is barred. Gravelle cannot relitigate the question of whether the Release is still enforceable. Whether one looks to the judgment in Gravelle I, Gravelle II, or both actions, it is clear there has been a judicial determination that, on or before April 10, 2019, Hudson's obligations under the Release were terminated and that a final judgment in favor of Hudson has been issued at least in part on that basis.

Gravelle's fraud claim concerning the allegedly false Pre-Release Representations is also barred by res judicata, whether it be for claim preclusion, issue preclusion, or a hybrid of the two. The alleged Pre-Release Representations Gravelle identifies in this action are the same as those on which he based his fraud claim in Gravelle II. Because the claims in Gravelle II concerning the Pre-Release Representations were dismissed as barred by res judicata, Gravelle cannot litigate them again. Further, even if Gravelle had plausibly alleged that the 2022 breach of the Release gave rise to a new claim for fraud based on a Pre-Release Representation (which he has not), he cannot overcome the preclusive effect of the First Circuit's holding in Gravelle II that he had not plausibly alleged that he relied on the Pre-Release Representations to his detriment.

**II.     Motion to Amend**

Gravelle's motion to amend [ECF No. 28] is DENIED as futile. The proposed amended complaint would be subject to dismissal for the reasons articulated above.

**III.    Motions for Sanctions**

In their motion for Rule 11 sanctions, the defendants ask the Court "to enter an order that enjoins Gravelle from filing in this Court any new lawsuits against any of the Defendants named

in [Gravelle I, Gravelle II, or this action] without first obtaining leave of this Court to do so." [ECF No. 16 at 4.]  For the reasons set forth by the defendants in their motion, the motion is ALLOWED insofar as they request injunctive relief.

## IV.     Conclusion

Accordingly, the Court hereby orders:

1. The motion to dismiss [ECF No. 12] is GRANTED based on res judicata. Judgment shall enter in favor of the defendants.

2. The motion for leave to amend [ECF No. 27] is DENIED.

3. The motion for sanctions [ECF No. 16] is GRANTED.

Gravelle is hereby ENJOINED from commencing any new action on the civil docket of this Court against any of the defendants in Gravelle I, Gravelle II, or this action, without first obtaining written approval of a judge of this Court by filing a written petition seeking leave of Court to do so.  The petition to commence a new action must be accompanied by a copy of this Order, together with the papers sought to be filed, and a certification under oath that there is a good-faith basis for their filing.  The petition must be accompanied by payment of the fee to initiate a case on the Miscellaneous Business Docket (currently $52.00) or a motion for leave to proceed without prepayment of that fee.  The Clerk shall accept the petition and the accompanying documents, mark them received, and forward them for action on the petition to a judge of this Court authorized to act on matters on the Miscellaneous Business Docket.

IT IS SO ORDERED.

| _7/1/2024_____ | /s/ Allison D. Burroughs_____ |
|---|---|
| DATE | UNITED STATES DISTRICT JUDGE |